ON APPLICATION FOR REINSTATEMENT
PER CURIAM.
11 This proceeding arises out of an application for reinstatement to the practice of law filed by petitioner, Michael Kevin Pow *1003 ell, an attorney currently suspended from the practice of law in Louisiana.
UNDERLYING FACTS AND PROCEDURAL HISTORY
Petitioner was arrested at his law office in January 2012 and charged with three counts of possession of a Schedule I controlled dangerous substance. Thereafter, petitioner contacted the Lawyers Assistance Program (“LAP”) and enrolled in an inpatient substance abuse treatment program at the Palmetto Addiction Recovery Center in Rayville, Louisiana. Petitioner was diagnosed as chemically dependent at Palmetto and successfully completed its treatment program in April 2012. He was discharged with the recommendation that he sign a LAP recovery agreement incorporating aftercare requirements. Petitioner executed a five-year LAP agreement on May 2, 2012.
In April 2012, petitioner and the Office of Disciplinary Counsel (“ODC”) filed with this court a joint petition for interim suspension based upon petitioner’s arrest. The court accepted the joint petition and interimly suspended petitioner from the practice of law on April 25, 2012. In re: Powell, 12-0874 (La.4/25/12), 87 So.3d 853.
| ¡.On May 31, 2013, petitioner and the ODC filed a joint petition for consent discipline in this court, proposing that he be suspended from the practice of law for one year and one day, retroactive to the date of his interim suspension. The court accepted the petition for consent discipline and imposed the proposed sanction on June 21, 2013. In re: Powell, 13-1264 (La.6/21/13), 117 So.3d 504.
In September 2013, petitioner filed an application for reinstatement with the disciplinary board, alleging he has complied with the reinstatement criteria set forth in Supreme Court Rule XIX, § 24(E). The Office of Disciplinary Counsel (“ODC”) took no position regarding the application for reinstatement. Accordingly, the matter was referred for a formal hearing before a hearing committee.
Following the hearing, the hearing committee recommended that petitioner be reinstated to the practice of law with the following conditions:
1. Petitioner shall be subject to random drug tests;
2. Petitioner shall actively participate in weekly Alcoholics Anonymous meetings;
3. Petitioner shall continue individual or group therapy for his addictions; and
4. Petitioner shall execute a new five-year LAP contract, from the date of reinstatement, to include the above conditions and any additional and necessary terms and conditions.
Neither petitioner nor the ODC objected to the committee’s recommendation.
After considering the record in its entirety, we agree with the committee that there is clear and convincing evidence of petitioner’s compliance with the reinstatement criteria. Accordingly, we will reinstate petitioner to the practice of law, subject to the conditions set forth above.
| .DECREE
Upon review of the recommendation of the hearing committee, and considering the record, it is ordered that Michael Kevin Powell, Louisiana Bar Roll number 25324, be immediately reinstated to the practice of law in Louisiana, subject to the conditions set forth in the hearing committee’s report. All costs of these proceedings are assessed against petitioner.